UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COX and CHARLES COX individually and as Personal Representatives of the Estates of C.J.P. and B.T.P.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, FOREST JACOBSON, ROCKY STEPHENSON, JANE WILSON, and BILLIE REED-LYYSKI,<br><br>Defendants. | NO. 14-05923RBL<br><br>**MOTION TO STRIKE/SURREPLY**<br><br>**NOTED FOR CONSIDERATION:**<br><br>**AUGUST 21, 2015** |

MOTION TO STRIKE/SURREPLY

{00151758;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

In their response, plaintiffs showed that DSHS failed to inform the dependency court that Josh Powell repeatedly violated the court's orders or that law enforcement and family members openly expressed concern Powell would harm the children. In reply, defendants filed a declaration from Judge Kathryn J. Nelson (Dkt. 30), the dependency court judge, attesting that she reviewed the materials in the court record. But that is not the question; indeed, plaintiffs never suggested Judge Nelson failed to review the record. The question is whether that record contained Powell's repeated violations and concerns regarding the children's safety. Judge Nelson's declaration should be stricken because:

*First*, the declaration has "no consequence in determining the action" because plaintiffs have not suggested Judge Nelson failed to review the record. Fed. R. Evid. 401.

*Second*, the declaration confuses the issues; it has no probative value and there is substantive risk the evidence is misleading. Fed. R. Evid. 403.

*Third*, the declaration violates long-standing precedent barring parties from injecting judges' mental processes into later court proceedings to interpret judicial opinions. *Perkins v. LeCureux*, 58 F.3d 214, 220 (6th Cir. 1995) ("It is a cardinal principle of Anglo-American jurisprudence that a court speaks only through its minutes. Ninety-one years ago the Supreme Court announced the rule that testimony of the mental processes of a judge was not to be considered.").[1] Indeed, defendants attempt to transform a judge into a witness, potentially forcing plaintiffs to depose a sitting judge regarding her decision.

---

[1] *Citing Fayerweather v. Ritch*, 195 U.S. 276, 306-07 (1904); *see also United States v. Crouch*, 566 F.2d 1311, 1316 (1978) ("A judge's statement of his mental processes is absolutely unreviewable. The court has no means of observing mental process . . . The trial judge's statement of his mental process is so impervious to attack that even if he were to

MOTION TO STRIKE/SURREPLY - 1

{00151758;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

**1. Judge Nelson's Declaration Is Irrelevant.**

Judge Nelson's declaration should be stricken under Fed. R. Evid. 401 because it is irrelevant. In her declaration, Judge Nelson states she is confident she "reviewed the Individual Service and Safety Plan (ISSP) and Guardian Ad Litem (GAL) reports," as well as the "reports prepared by Dr. James Manley, Ph.D." *See* Dkt. 30 (2:4-9). But the plaintiffs have never suggested otherwise and it is unclear what bearing her declaration has on this proceeding.

The question is not whether Judge Nelson reviewed the ISSP, GAL report, and the Manley reports, but whether those reports lacked material information—Powell's repeated violations of dependency court orders and law enforcement and family members' concerns that Powell would hurt the children. *See* Dkt. 19 (4:21-5:1), (18:11-13); Dkt. 26 (2:15-3:15); Dkt. 27 (2:21-3:21), (5:1-6). That information was entirely absent from the court record for a simple reason: defendants failed to disclose it. Judge Nelson's declaration is irrelevant and should be stricken.

**2. Judge Nelson's Declaration Confuses the Issues.**

Even if it were relevant, the declaration should be stricken because it confuses the issues. Fed. R. Evid. 403. By proffering Judge Nelson's declaration, defendants suggest plaintiffs have questioned whether Judge Nelson reviewed the dependency court records. Not so. Plaintiffs assume Judge Nelson reviewed the ISSP, GAL report, and Manley reports—but the issue is whether those records are *deficient*—not whether they were reviewed. Dkt. 19 (4:21-5:1), (18:11-13); Dkt. 26 (2:15-3:15); Dkt. 27 (2:21-3:21), (5:1-6). Because Judge Nelson's declaration confuses the issues and has no probative value, it should be stricken.[2]

---

come forward today and declare his memorandum misstated his reasons for [his decision], we could not consider his explanation.").

2 Even more confusing, DSHS cites to a hearing transcript, dated February 1, 2012, to argue the dependency court was "fully informed" and "that visitations were going well at Powell's residence; *that there were no concerns for safety* and that concerns about disparaging remarks no longer existed." Dkt. 29 (2:8-10) (emphasis added). Not only are those statements wrong, but the statements were not made by DSHS—they were made by Powell's counsel. *Id.*, fn. 1 citing Dkt. 22-1, pp. 129-136. DSHS *never* informed the dependency court about Powell's noncompliance or law enforcement and family members' safety concerns. Nor does the GAL report contain that information. *See* Dkt. 25-1. Nor do the Manley reports contain that information. Indeed, the suggestion that no safety concerns existed and that disparaging remarks no longer existed was contrary to Manley's report:"[Powell's] *recent* behavioral demonstration in his son's

MOTION TO STRIKE/SURREPLY - 2

{00151758;1}

### 3. Judge Nelson's Declaration Should Be Stricken Under Long-Standing Precedent.

Under U.S. Supreme Court precedent, "the mental processes of a judge [are] not to be considered." *Perkins v. LeCureux*, 58 F.3d 214, 220 (6th Cir. 1995) (citing *Fayerweather v. Ritch*, 195 U.S. 276, 306-07 (1904)[3])) ("[A] district court should not have considered a trial judge's post-decision statements concerning the influence various facts had on his decision."); *Washington v. Strickland*, 693 F.2d 1243, 1263 (5th Cir. 1982) ("It is a firmly established rule in our jurisprudence that ***a judge may not be asked to testify*** about his mental processes in reaching a judicial decision.") (emphasis added). Indeed, in *U.S. v. Morgan*, 313 U.S. 409 (1941), the Supreme Court held that "not unlike the practice of judges in similar situations," the Secretary of Agriculture could not be deposed about "the manner and extent of his study of the record." *Id.* at 1004. The Court held "it is ***not*** the function of the court to probe the mental processes of the Secretary . . . just as a judge cannot be subjected to such scrutiny." *Id.* (citing *Fayerweather*, 195 U.S. at 306). The reasons for such a policy are simple: Judges should not become witnesses deposed about how they arrived at their judicial opinions.

Here, DSHS improperly attempts to transform Judge Nelson into a witness. Judges' mental processes cannot be used to attack their judicial opinions, and for the same reasons, their mental processes and "the manner and extent of study" cannot be used to support a decision.

---

therapy session does not appear protective of his son's psychological wellbeing," "Mr. Powell cannot or will not stay focused on his children's emotional/psychological needs" and "until more is known about Mr. Powell it is difficult to conclude he could provide a stable, safe, and consistent nurturing environment for his sons." Dkt. 27 (9:17-10:17). The full extent of Powell's non-compliance was never before the dependency court, which never learned of law enforcement and family member concerns that Powell may try to physically harm the boys. The court order mandated that defendant Jacobson inform the court of noncompliance. Dkt. 19 (6:13-15). She knowingly violated that order. *Id*. (18:12-14).

3 Citing *Fayerweather v. Ritch*, 195 U.S. 276, 306-07 (1904) ("[T]he testimony of the trial judge given six years after the case has been disposed of, in respect to matters he considered and passed upon, was obviously incompetent. . . . A judgment is a solemn record. Parties have a right to rely on it. It should not lightly be disturbed, and ought never to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision."); *see also United States v. Crouch*, 566 F.2d 1311, 1316 (1978) ("A judge's statement of his mental processes is absolutely unreviewable. The court has no means of observing mental process . . . The trial judge's statement of his mental process is so impervious to attack that even if he were to come forward today and declare his memorandum misstated his reasons for the mistrial, we could not consider his explanation.").

MOTION TO STRIKE/SURREPLY - 3

{00151758;1}

DATED this 25th day of August, 2015.

FREY BUCK, P.S.

/s/ Evan Bariault
Anne Bremner, WSBA #13269
Evan Bariault, WSBA #42867
Attorneys for Plaintiffs

MOTION TO STRIKE/SURREPLY - 4

{00151758;1}

**Certificate of Service**

I certify that on the date noted below I electronically filed this document entitled with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

| | |
|---|---|
| Joseph M. Diaz, WSBA #16170 | James S. Rogers, WSBA #5335 |
| josephd@atg.wa.gov | jsr@jsrogerslaw.com |
| Peter Helmberger, WSBA #23041 | Cheryl L. Snow, WSBA #26757 |
| peterh@atg.wa.gov | csnow@jsrogerslaw.com |
| Jodie@atg.wa.gov | Elizabeth J. Donaldson, WSBA #45291 |
| Jennym@atg.wa.gov | liz@jsrogerslaw.com |
| TORTacEF@atg.wa.gov | Dawn@jsrogerslaw.com |
| Office of the Attorney General | Law Offices of James S. Rogers |
| 1250 Pacific Street, Suite 105 | 1500 Fourth Avenue, Suite 500 |
| Post Office Box 2317 | Seattle, WA 98101 |
| Tacoma, WA 98401 | (206) 621-8525 |
| (253) 593-5243 | FAX: (206) 223-8224 |
| *Attorneys for Defendant* | *Attorneys for Plaintiffs* |

DATED this 25th day of August, 2015, at Seattle, Washington.

                                    /s/ Evan Bariault

MOTION TO STRIKE/SURREPLY - 5

{00151758;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660