The Honorable Ronald B. Leighton
United States District Court Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COX and CHARLES COX, individually and as Personal Representatives of the Estates of C.J.P. and B.T.P., | No. 14-05923 RBL |
| | PLAINTIFFS' MOTION TO REMAND |
| Plaintiffs, | |
| v. | NOTE ON MOTION CALENDAR: FRIDAY, MAY 17, 2019 |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES; | |
| Defendant. | |

As the federal claims in this action (along with the defendants that removed the action to this forum) are dismissed, plaintiffs respectfully ask this Court to decline to exercise supplemental jurisdiction over plaintiffs' state law claims and remand the action to the Pierce County Superior Court.

## I.      STATEMENT OF FACTS

Plaintiffs filed this action in Pierce County Superior Court on April 1, 2013. The complaint only contained state law claims. On November 7, 2014, plaintiffs filed an amended complaint,

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1   adding federal claims against four individual defendants. Said defendants removed the case to this

2   Court on November 19, 2014. *Dkt.* 1.

3       On July 30, 2015, the individual defendants and the State filed a summary judgment motion

4   seeking dismissal of plaintiffs' federal and state law claims. *Dkt.* 24. This Court granted

5   defendants' motion on October 6, 2015 and entered judgment the following day. *Dkts.* 39, 40.

6   Plaintiffs sought appellate review of this Court's order dismissing all claims. *Dkt.* 49.

7       On January 10, 2019, the Ninth Circuit Court of Appeals issued an order, affirming this

8   Court's dismissal of the federal claims, but reversed this Court's dismissal of the state law claims,

9   and remanded the case for further proceedings. *Dkt.* 56.

10      On April 16, 2019, this Court entered a minute order requesting a supplemental joint status

11   report from the parties.

12                                    **II.    AUTHORITY**

13      While this Court may exercise its discretion to retain supplemental jurisdiction over the

14   state law claims in this matter, precedent and the principles of judicial economy and comity support

15   remand.

16      The "justification [for discretionary supplemental jurisdiction] lies in considerations of

17   judicial economy, convenience and fairness to litigants." *United Mine Workers of America v.*

18   *Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See also Carnegie–Mellon*

19   *University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("the doctrine of

20   pendent jurisdiction ... is a doctrine of flexibility, designed to allow courts to deal with cases

21   involving pendent claims in the manner that most sensibly accommodates a range of concerns").

22   28 U.S.C. § 1367(c)(3) permits the "district court[ ][to] decline to exercise supplemental

23

PLAINTIFFS' MOTION TO REMAND - 2

jurisdiction over a [state-law] claim" is "if ... the district court has dismissed all claims over which it has original jurisdiction."

In *Gibbs*, the Supreme Court noted two situations in which the factors of "judicial economy, convenience and fairness to litigants" will generally weigh strongly in favor of the dismissal of supplemental state law claims. *See Gibbs*, 383 U.S. at 726–27, 86 S.Ct. 1130. It stated as a general rule, courts should not exercise supplemental jurisdiction over state law claims if all federal claims have been dismissed before trial. *Id*. at 726, 86 S.Ct. 1130 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). *See also Wren v. Sletten Const. Co.*, 654 F.2d 529, 536-537 (9th Cir. 1981) (Court remands action to district court to dismiss federal claims and remand state claims to state court where "…the state issues apparently predominate and all federal claims are dismissed before trial…").

The *Gibbs* Court further stated that "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726–27, 86 S.Ct. 1130 (emphasis omitted). This holding is reflected in 28 U.S.C. § 1367(c) (2), which authorizes dismissal when state law claims substantially predominate over the claim or claims falling within the court's original jurisdiction.

At the point of removal from state court, exercising supplemental jurisdiction over the state law claims was appropriate since the state claims were based on the same facts and circumstances as the federal claim. *See* 28 U.S.C. § 1367(a). However, because the federal claims have been dismissed, along with the defendants that removed the case to this forum, the cause of action on

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1  which the court's jurisdiction rested is now gone. Under § 1367(c) (3), therefore, the court can and

2  should properly exercise its discretion to remand the supplemental state law claims. *See* 28 U.S.C.

3  § 1367(c) (3) (the court may decline to exercise jurisdiction over supplemental claims when it "has

4  dismissed all claims over which it has original jurisdiction"). *See also Gibbs*, 383 U.S. at 726, 86

5  S.Ct. 1130 ("Certainly, if the federal claims are dismissed before trial ... the state claims should be

6  dismissed as well").

7        Because only state law claims remain, moreover, they clearly predominate over any federal

8  issues; as a result, principles of comity also suggest that remand is appropriate. *See Millar*, 236

9  F.Supp.2d at 1119 (noting that "[t]he factor of comity also weighs strongly in favor of remand"

10  when "plaintiff now proceeds exclusively on his state claims"); *see also Danner v. Himmelfarb*,

11  858 F.2d 515, 524 (9th Cir. 1988) (noting that plaintiff "does not dispute, nor could he, that

12  principles of comity will be well-served by allowing the state courts to resolve claims solely of

13  state law"). This provides an additional basis for declining to exercise jurisdiction over plaintiffs'

14  state law claims. See Gibbs, 383 U.S. at 726–27, 86 S.Ct. 1130.

### III.  CONCLUSION

16        While remand is not mandatory, "in the usual case in which all federal-law claims are

17  eliminated before trial, the balance of all factors ... will point toward declining to exercise

18  jurisdiction over the remaining state-law claims." *Acri*, 114 F.3d 999, 1001 (citing *Carnegie–*

19  *Mellon*, 484 U.S. at 350 n. 7, 108 S.Ct. 614).

20

21  //

22

23

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1    Plaintiffs are unaware of any factors that favor retention of the supplemental claims, and

2    respectfully request this Court remand the remaining claims to the Pierce County Superior Court.

3    DATED this 26th day of April, 2019.

4

5                                          FREY BUCK, P.S.

6                                          /s/ Anne Bremner
                                           Anne Bremner, WSBA #13269
7                                          Ted Buck, WSBA #22029
                                           Evan Bariault, WSBA #42867
8                                          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' MOTION TO REMAND - 5

**<u>Certificate of Service</u>**

I certify that on the date noted below, I electronically filed this document entitled with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Joseph M. Diaz, WSBA #16170
josephd@atg.wa.gov
Peter Helmberger, WSBA #23041
peterh@atg.wa.gov
jodie@atg.wa.gov
jennym@atg.wa.gov
TORTacEF@atg.wa.gov
Office of the Attorney General
1250 Pacific Street, Suite 105
Post Office Box 2317
Tacoma, WA 98401
(253) 593-5243
        *Attorneys for Defendants*


DATED this 26th day of April, 2019, at Seattle, Washington.


                                        /s/ Lia Maria Fulgaro
                                        Lia Maria Fulgaro
                                        Paralegal

PLAINTIFFS' MOTION TO REMAND - 6